Dear Mr. Tomino:
The Board of Veterinary Medicine questions if an out of state entity comprised of individuals who are not licensed by the Board as veterinarians may enter into a franchise agreement with a Louisiana licensed veterinarian to provide veterinary medical services in Louisiana. In short, it is our opinion that such an agreement may not comply with the Louisiana Veterinary Practice Law.
The Veterinary Practice Law was enacted to promote the public health, safety, and welfare by safeguarding Louisiana residents against incompetent, dishonest, or unprincipled practitioners of veterinary medicine.[1] As such, any person, and person includes any firm, partnership, association, joint venture, cooperative and corporation, or any other group or combination acting in concert, may not practice veterinary medicine in Louisiana unless he is licensed by the Board of Veterinary Medicine.[2]
Although a franchise agreement is not specifically included as a person, a franchise agreement is a group or combination of persons acting in concert. Thus, it is our opinion that a franchise agreement is not, per se, excluded from the Louisiana Veterinary Practice Law. Additionally, the laws pertaining to professional veterinary medicine corporations provide that no person shall be admitted as a partner or owner in the formation of partnerships, corporations, or limited liability companies for the practice of veterinary medicine who is not a member of the veterinary profession and duly licensed to practice veterinary medicine in Louisiana. A practitioner of veterinary medicine must be amenable to professional discipline.[3] In this situation, the franchise agreement is between an individual and a corporation for the purpose of practicing veterinary medicine.
Although we did not read the actual franchise agreement in detail, we do note the agreement provides that royalties are to be paid to the non-licensed corporation based upon a percentage of the gross monthly revenue of the licensed veterinarian. Further, the agreement mandates that the licensed veterinarian purchase inventory, supplies, products, drugs and medications only from suppliers and manufacturers who are included in the corporation's approved vendor list. Because the non-licensed corporation will share in the revenues of the practice, it is an owner of the practice. The licensed veterinarian must purchase his supplies, including medications, from the corporation's approved vender list. At a minimum, this requirement may have some impact on the practice of veterinary medicine. There appears to be some degree of control by the non-licensed party. It is not a matter of a veterinarian simply leasing space from a non-licensed corporation.
The Board questions if it is necessary to determine the actual content of each proposed franchise agreement and our response is yes. The Board must consider each agreement to determine if the agreement will adversely affect the practice of veterinary medicine because it is the Board's duty to do so. We cannot determine if this agreement complies with the intent of the Veterinary Practice Law. That is a function of the Board. It must decide if this agreement promotes the public health, safety, and welfare by safeguarding the people of the state of Louisiana against incompetent, dishonest, or unprincipled practitioners of veterinary medicine.
We trust this adequately responds to your request. If you have any questions or comments, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: August 6, 2003
[1] La.R.S. 37:1511
[2] La.R.S. 37:1513 and La.R.S. 37:1514
[3] La.R.S. 12:1015